# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10083
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
October 9, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Raymond Griggs,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-87-1

---

Before Willett, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Raymond Griggs was convicted by a jury of one count of making a false statement on his income tax return, in violation of 26 U.S.C. § 7206(1). He maintains that the evidence presented at trial was insufficient to support his conviction. Because Griggs preserved his sufficiency challenge, our review is de novo. *See United States v. Warren*, 986 F.3d 557, 562 (5th Cir. 2021).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10083

To establish a violation of 26 U.S.C. § 7206(1), the Government had to provide enough evidence for a reasonable jury to conclude that Griggs: (1) made and signed a "materially false" income tax return; (2) submitted a written declaration that the tax return was true and correct under penalties of perjury; (3) did not believe that the tax return was true and correct when he signed it; and (4) "signed it willfully and with the specific intent to violate the law." *United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014). Griggs asserts that the evidence offered at trial did not establish that he signed, or directed anyone else to sign, his 2013 tax return at issue.

The evidence, viewed in the light most favorable to the Government and with all reasonable inferences made in favor of the verdict, supported the conviction. *See id.*; *United States v. Holmes*, 406 F.3d 337, 351 (5th Cir. 2005). "To uphold the conviction, there is no requirement that the evidence exclude every possible hypothesis of innocence." *United States v. Zamora-Salazar*, 860 F.3d 826, 832 (5th Cir. 2017) (internal quotation marks and citation omitted). The Government presented evidence that Griggs owned and operated a tax preparation business, that he had previously been audited, and that Griggs's assistant helped him prepare his tax returns. It was thus reasonable for the jury to believe that he "would not let tax time come and go without either making and filing his own return or authorizing someone to do it for him." *United States v. Ponder*, 444 F.2d 816, 822 (5th Cir. 1971). The jury was free to choose among the reasonable constructions of the evidence, which included those consistent with Griggs's guilt. *See Zamora-Salazar*, 860 F.3d at 832.

Griggs further argues that because he did not "sign" the 2013 tax return, the Government could not prove that he willfully violated § 7206(1). To prove willfulness, the Government must show "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Boyd*, 773 F.3d at 644

No. 23-10083

(internal quotation marks and citation omitted). In the context of a § 7206(1) conviction, this court has stated that "evidence of a consistent pattern of under reporting large amounts of income will support the necessary inference of willfulness." *United States v. Stokes*, 998 F.2d 279, 281 (5th Cir. 1993). The evidence established that Griggs engaged in a pattern of under reporting large sources of his income on his tax returns for a period of years. As owner of a tax preparation business and because he had previously been audited, the jury could infer that Griggs was aware of the importance of his income tax returns being correct. It could also infer that he knew about the finances of his business and was aware that large portions of the gross receipts were not reflected on his tax returns. Accordingly, the record reflects that a jury could have plausibly found that the Government presented evidence that Griggs willfully engaged in a pattern of under reporting his income. *See id.*; *Boyd*, 773 F.3d at 644.

The evidence and all reasonable inferences therefrom, viewed in the light most favorable to the verdict, supports that a rational trier of fact could have found beyond a reasonable doubt that Griggs willfully made false statements on his 2013 tax return. *See Boyd*, 773 F.3d at 644; *Holmes*, 406 F.3d at 351. For the foregoing reasons, the judgment is AFFIRMED.